**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARYLOU DEMELIA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON, INC., *et al.*, <br><br> Defendants. | Civil Action No. 17- 10971 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Marylou Demelia's ("Plaintiff") Motion for Voluntary Dismissal Without Prejudice (the "Motion") under Federal Rule of Civil Procedure 41(a)(2).[1] (Pl.'s Moving Br. 1, ECF No. 18-2.) Johnson & Johnson ("Defendant"), Johnson & Johnson Consumer Inc. ("Consumer Inc."), and Imerys Talc America, Inc. ("Imerys Talc") (collectively, "Defendants") oppose (Defs.' Opp'n Br. 10, ECF 19), and Plaintiff replied (Pl.'s Reply Br. 3, ECF 20). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court denies the Motion.

I.    **BACKGROUND**

Plaintiff's case is a member case in *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, No. 3:16-md-2738 (the "MDL") filed against Defendants for alleged injuries resulting from Plaintiff's use of their talcum powder

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

products. (Compl. ¶ 7, ECF No. 2.) Plaintiff's numerous claims against Defendants include Failure to Warn; Defective Manufacturing and Design; Breach of Express and Implied Warranties; Negligence and Negligent Misrepresentation; Fraud; Fraudulent Concealment; and Civil Conspiracy (*id.* ¶ 18), which she alleges resulted in her injury—ovarian cancer (Defs.' Opp'n Br. 6, ECF No. 18).

Plaintiff, by way of this action, joined the MDL in November 3, 2017. Since joining the MDL, Plaintiff, as well as other Member Plaintiffs, has enjoyed certain benefits of discovery resulting from the MDL. (*See, e.g.*, ECF Nos. 536, 680, 6687, 8420, 27291.) As part of the discovery process in the MDL, Defendants have pursued Plaintiff's submission of a court-ordered Plaintiff Profile Form ("PPF") and certain other discovery since 2021. (*See* MDL, ECF No. 28909 ("PPF Order"); Defs.' Opp'n Br., Ex. 1, ECF No. 19-1.) To this end, the Court initially set an October 20, 2021 deadline for Member Plaintiffs to individually serve Defendants with completed PPFs and related discovery. (MDL, ECF. No. 19911.) Then, almost two years later, on September 1, 2023, the Court entered an Amended PPF order in the MDL, requiring Member Plaintiffs in cases filed in 2016 and 2017 to serve Defendants with PPFs and other related discovery by October 16, 2023. (MDL, ECF No. 27291 ("Amended PPF Order").) Plaintiff, despite being subject to both the October 20, 2021 and October 16, 2023 deadlines, failed to produce the required discovery. (*See* MDL, ECF No. 28909; Defs.' Opp'n Br. 2. Ex. 1; *see also* Delinquent PPF Submissions, ECF No. 19-2.) Plaintiff, however, received an extension to February 9, 2024 to provide the delinquent discovery. (MDL, ECF No. 28909.) It is in this context that Plaintiff, on January 22, 2024, filed the instant Motion asking for her action to be dismissed, some six years after filing her complaint and just weeks before her deadline to provide certain discovery. (*See* Pl.'s Moving Br. ECF. No.

18-2.)[2] The Court now decides whether Plaintiff should be allowed in this context to voluntarily dismiss this action without prejudice.

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request a voluntary dismissal of his or her complaint, which district courts are empowered to grant "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the Court, but in general, "a motion for dismissal 'should not be denied absent substantial prejudice to the defendant.'" *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (quoting *Johnson Dev. Grp., Inc. v. Carpenters Loc. 1578*, 728 F. Supp. 1142, 1146 (D.N.J. 1990)). As such, the guiding inquiry on a Rule 41(a)(2) motion is whether the defendant will be prejudiced by the dismissal. *Emmanouil v. Mita Mgmt., LLC*, No. 11-5575, 2015 WL 5023049, at *3 (D.N.J. Aug. 24, 2015). "[I]n deciding a Rule 41(a)(2) motion, 'a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense.'" *Williamson v. Daiichi Sankyo, Inc.*, No. 15-2606, 2017 WL 2226734, at *2 (D.N.J. May 22, 2017) (quoting *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008)). Notably, neither the "mere prospect of a second lawsuit" nor the fact that the plaintiff "may gain some tactical advantage by a voluntary dismissal" is sufficient on its own to constitute prejudice to the defendant. *Selby v. Inspira Med. Ctrs., Inc.*, No. 18-9675, 2018 WL 6696775, at *1 (D.N.J. Dec. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) and *Environ Prods., Inc. v. Total Containment, Inc.*, No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995)).

---

[2] Despite an extension to provide all outstanding discovery (MDL, ECF No. 28909), Plaintiff filed the present Motion because she "wish[es] to not proceed currently" (Pl.'s Moving Br. 3, ECF No. 18).

III.     **DISCUSSION**

     The Court denies Plaintiff's Motion both: (1) because she fails to meet the Rule 41(a)(2) standard; and (2) for other practical considerations stemming from Plaintiff's involvement in the MDL. The Court elaborates on both bases below.

     In deciding a voluntary dismissal motion under Rule 41(a)(2), courts in this district consider the following factors: "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss."[3] *Shamrock Creek, LLC v. Borough of Paramus*, No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015) (citing *Sporn*, 173 F. Supp. 2d at 255). Notably, this Court possesses a "broad grant of discretion" in considering Rule 41(a)(2) motions. *See Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018). For the reasons articulated below, all four Rule 41(a)(2) factors, and several other pertinent considerations, lean in favor of denying Plaintiff's motion.

     Pertaining to the first three factors, the Court finds these factors weigh in favor of denial. Plaintiff characterizes Defendants' efforts and expenses specific to Plaintiff thus far as insubstantial, noting that they have not moved past the pleading stage in the member case—an early stage of the litigation. (Pl.'s Moving Br. 3.) This proposition, however, misaligns with the significant length of the MDL, to which Plaintiff's case is inextricably intertwined. Within the

---

[3] Several cases do not necessarily decipher and individually analyze the four factors, rather, courts consider the four factors as a whole. *See Sporn*, 173 F. Supp. 2d at 255. As such, rather than a systematic checklist, the factors serve as potential guides that may ultimately contribute to the overall determination of prejudice towards the defendant. *See Est. of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 286 (3d. Cir. 2017) (focusing on the significant time and resources already expended by defendant); *Ferguson v. Eakle*, 492 F.3d 26, 29 (3d Cir. 1974) (focusing on the time that defendants invested in the case thus far); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304-5 (3d Cir. 1951) (focusing on the efforts already expended on the case by defendant's lawyer).

six-year timeframe between this litigation's commencement and the present Motion, Defendants spent significant resources on fact discovery, expert discovery, and motions pertaining to that discovery in the lead case.[4] (Defs.' Opp'n Br. 5.) As such, contrary to Plaintiff's position, the lead case is a more appropriate proxy for this case's progression and the expense Defendants have incurred. Considering Plaintiff's motion in this greater context, Defendants have expended significant resources in discovery, and a dismissal without prejudice would come at great cost to Defendants, mitigating against granting Plaintiff's Motion. *See Sporn*, 173 F. Supp. 2d at 255 (rejecting plaintiff's voluntary motion to dismiss where the case had been pending for four years, undergone significant discovery, and caused the defendant to incur substantial expense).

Moreover, a dismissal of Plaintiff's claims without prejudice burdens Defendants with the likelihood that they will have to defend themselves and likely relitigate issues in a new forum despite Plaintiff willingly opting into this MDL. *See Est. of Ware*, 871 F.3d at 286 (affirming the denial of a motion to dismiss without prejudice due to the risk of defendants relitigating issues to which they already designated significant time and resources)[5]; *Ferguson*, 492 F.3d at 29 (reversing the district court's dismissal without prejudice, reasoning that additional efforts and expenses in preparation for a new trial and discovery significantly prejudiced defendants). The Court recognizes that the "mere prospect of a second lawsuit" does not warrant denying a motion to dismiss without prejudice*, see Selby*, 2018 WL 6696775, at *1 (quoting *In Re Paoli R.R. Yard PCB Litig.*, 916 F.2d. at 863), but the present situation is not your typical voluntary dismissal. Importantly, to sufficiently protect defendants, courts have generally ruled that the production of

---

[4] *See* MDL, ECF Nos. 9737, 9739, 9867, 9871, 9874, 10031, 10034, 1035 (briefs pertaining to plaintiffs' motions to exclude defendants' expert witnesses).

[5] Those defendants had already "produced five expert reports and thousands of pages of documents and filed one of its four motions for summary judgment." *Est. of Ware*, 871 F.3d at 286.

sufficient discovery is a "prerequisite for voluntary dismissal without prejudice." *See Worrell v. Harshe.*, No. 16-2398, 2017 WL 4419240, at *2 (D.N.J. Oct. 5, 2017) (citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000)); *see also In re Wellbutrin XL*, 268 F.R.D. 539 (E.D. Pa. 2010) (finding "the avoidance of an adverse discovery ruling . . . is not a compelling grounds for dismissal without prejudice") (citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. at 304). This is intuitive so as to not allow a plaintiff a "do-over" when an error has been made that may result in an adverse ruling in the original action.

Here, the Court is concerned that Plaintiff may be seeking a dismissal without prejudice for this exact reason; Plaintiff has thus far failed to abide by discovery obligations and now on the eve of the third deadline for Plaintiff's PPF to be produced, Plaintiff asks for permission to leave the MDL, and insists she be allowed to do so without prejudice. (Defs.' Opp'n Br. 2.) Perplexingly, Plaintiff's insistence on a dismissal without prejudice appears to conflict with Plaintiff's proclamation that a dismissal is appropriate because Plaintiff passed away and Plaintiff's beneficiaries no longer wish to proceed with the case.[6] (Pl.'s Reply Br. 3, ECF No. 20.) If Plaintiff's beneficiaries do not want to proceed with the case and do not intend to avoid certain discovery obligations in this Court so that they may try again elsewhere, dismissal with prejudice should be a tenable option. Plaintiff, however, refuses to dismiss the case with prejudice. (Pl.'s Moving Br. 4; Pl.'s Reply Br. 1.) As such, the Court is left with doubts as to Plaintiff's intentions, and therefore, the expense of a second litigation potentially initiated only so that Plaintiff can avoid

---

[6] The Court also notes the impromptu and informal suggestion of death in Plaintiff's reply brief. (Pl.'s Reply Br. 1, 3.) Among Plaintiff's flurry of filings in January (Notice of Appearance of Counsel, ECF No. 15 (Jan. 9, 2024); Pl.'s Notice of Voluntary Dismissal, ECF No. 16 (Jan. 16, 2024); Pl.'s Moving Br. (Jan. 22, 2024), only in the reply brief did counsel indicate that the named plaintiff had died (Pl.'s Reply Br. 1)). This is particularly noteworthy as there is an absence of any Rule 25 formal suggestion of death or motion to substitute party filed on the docket.

discovery obligations in this Court after six years of litigation would be unduly prejudicial to Defendants. Accordingly, the first three factors for a Rule 41(a)(2) dismissal favor denying Plaintiff's motion.

Regarding the final factor, Plaintiff's diligence in bringing the Motion, the Court cannot conclude that moving for voluntary dismissal six years after the action's commencement constitutes diligence. Commonsensically, filing a motion to dismiss years after filing suit amounts to less than diligence. *See Sporn*, 173 F. Supp. 2d at 255 (denying a motion to voluntarily dismiss without prejudice when the underlying action was pending for four years); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004) (denying plaintiff's motion for voluntarily dismissal without prejudice in an MDL where "the case had been pending for over two years"); *Ockert*, 190 F.2d at 305 (denying motion to voluntarily dismiss without prejudice where the case was pending for nearly two years); *Est. of Ware*, 871 F.3d at 285-86 (affirming the denial of a motion to voluntarily dismiss without prejudice where plaintiff filed the motion one year after realizing she could not demonstrate the elements to prevail on the underlying claim); *cf. Smith v. City of Plainfield*, No. 15-7258, 2016 WL 4402812, at *4 (D.N.J. Aug. 15, 2016) (granting plaintiff's motion to voluntarily dismiss without prejudice seven months after filing the complaint). As such, Plaintiff's Motion must be denied.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Voluntarily Dismiss is denied. An order consistent with this Court's Memorandum Opinion will be entered.[7]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Finally, discussing potential recourse under Rule 60(b) is unnecessary. (*See* MDL, ECF No. 32863 ("Plaintiff's Response to Order to Show Cause")). Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of h[er] case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Again, if Plaintiff does not wish to proceed with the case, then there is no reason to hold open a potential route of recourse.